CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

MAR 09 2007

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BARRY WAYNE MILLS, JR., <br> Petitioner, | Civil Action No. 7:06-cv-00294 |
| v. | **MEMORANDUM OPINION** |
| GENE M. JOHNSON, DIRECTOR, <br> VIRGINIA DEPT. OF CORRECTIONS, <br> Respondent. | By: Hon. James C. Turk <br> Senior United States District Judge |

Petitioner Barry Wayne Mills, Jr., a Virginia inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Mills challenges the constitutionality of his confinement pursuant to the February 2, 2005, judgment of the Circuit Court of Roanoke County, convicting him of statutory burglary. The respondent has filed a motion to dismiss to which petitioner has responded, making the matter ripe for the court's consideration. Upon review of the record, the court concludes that the motion to dismiss must be granted.

I.

Mills pled guilty and was convicted of statutory burglary on December 10, 2004, in the Circuit Court of Roanoke County. The court sentenced him on February 2, 2005, to twenty years in prison, with sixteen years and six months suspended. The court also ordered that three years and three months of the sentence be served concurrently with the sentence imposed by the Roanoke City Circuit Court for similar crimes and that three months be served non-concurrently with that sentence.[1] Mills did not appeal.

Mills filed a petition for a writ of habeas corpus on April 5, 2005, in the Circuit Court of Roanoke County, alleging the following grounds for relief:

---

[1] In the same proceeding, the court also revoked the thirteen-year balance of Mills' suspended sentence and terminated his probation relating to his 1992 convictions for grand larceny and burglary.

1

A. The prosecutor and law enforcement officers pressured petitioner's wife to testify against him; and

B. Petitioner's guilty plea was entered under duress.

In a subsequent motion to amend his petition, Mills raised these additional grounds:

C. Petitioner's guilty plea was unlawfully induced;

D. Evidence relied upon at trial was unlawful fruit of the poisonous tree; and

E. Petitioner's attorney was ineffective for not moving to suppress the statement Mills' wife made to the police.

The circuit court denied and dismissed Mills' petition on August 15, 2005. (Case No. CL05-000150). The court held that claims A and D were procedurally barred under the rule in Slayton v. Parrigan, 205 S.E.2d 680 (Va. 1974) because Mills did not raise these claims on appeal; that claims B and C were barred by Anderson v. Warden, 281 S.E.2d 885 (Va. 1982), because of Mills' statements to the contrary during the guilty plea hearing; and that Claim E failed under Strickland v. Washington, 466 U.S. 668 (1984) and Hill v. Lockhart, 474 U.S. 52 (1985). Mills then appealed to the Supreme Court of Virginia; his petition there was refused on January 4, 2006. (Record No. 052140).

Mills filed his federal petition on May 20, 2006, alleging the following grounds for relief:

A. The prosecutor pressured petitioner's wife to testify against him;

B. Law enforcement officers pressured petitioner's wife to testify against him;

C. Petitioner's guilty plea was unlawfully induced;[2] and

---

[2] Many of Mills' claims rely on facts from another, related criminal proceeding. Mills had similar burglary and larceny charges pending against him in the Circuit Court for the City of Roanoke, and this court has reviewed the records from both Roanoke courts. A joint hearing on defense motions to suppress evidence related to charges in both jurisdictions was conducted on October 5, 2004, and certain evidence from the Roanoke City investigation was suppressed. The Roanoke City charges then went to trial on November 1, 2004. Mills' wife, Cynthia Mills, and her father, Douglas Honaker, testified for the Commonwealth. Cynthia said that her parents had pressured her to testify against Mills, but that the police and the prosecutor had not. She also testified that no promises of leniency had been made to her, but that she hoped to receive less prison time as a result of her cooperation. Although Cynthia received prison time on other unrelated charges, no charges were brought against her for her participation in these burglary and larceny

D. The evidence relied upon to convict petitioner was unlawfully seized, and his attorney was ineffective because he did not advise petitioner of the "'fruit of the poisonous tree' line of defense" and did not argue it to the trial court.

II.

A. Procedurally Defaulted Claims

Respondent argues that claims A and B are procedurally barred from federal habeas review because the state habeas court dismissed them under the Slayton v. Parrigan rule, which bars state habeas review of claims that could have been raised on appeal. 205 S.E.2d at 682. The court agrees. Because the state court expressly relied on an independent and adequate state procedural ground in dismissing these claims, federal habeas review of Claims A and B is also barred, absent a showing of cause and prejudice or actual innocence. See Harris v. Reed, 489 U.S. 255, 262 (1989); Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998) (finding that the United States Court of Appeals for the Fourth Circuit has "repeatedly recognized that 'the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision'"). To show actual innocence, the only miscarriage of justice recognized as sufficient to excuse procedural default, a petitioner must show "it is more likely than not that no reasonable juror would have convicted him" if jurors had received specific, reliable evidence not presented at trial. Bousley v. United States, 523 U.S. 614, 623 (1998) (citing Schlup v. Delo, 513 U.S. 298, 327 (1995).

Mills argues that he can show cause for failing to raise Claims A and B on appeal. He states that it was not until after his appeal time expired that he was able to obtain a signed

---

offenses of which Mills stands convicted. After the Commonwealth had rested, Mills asked to have Cynthia recalled to the stand because his attorney had failed to ask specific questions that Mills had requested, concerning Cynthia's alleged claims that law enforcement personnel had improperly pressured her to testify against her husband. The judge told Mills that he saw no need for the questions, but since counsel had agreed to ask the questions if Mills insisted, the judge would allow it. After a brief recess, defense counsel informed the court that Mills had reached a plea agreement with the Commonwealth that would allow him to plead no contest to four of the six charges in Roanoke City. Mills entered this plea and, pursuant to the agreement, was convicted.

3

statement from his wife, concerning her allegations that law enforcement officials wrongfully threatened her with more prison time if she did not testify against Mills.[3] It is clear from the records, however, that Mills knew the facts necessary to raise these claims earlier. During the Roanoke City trial proceedings, Mills stated in court on November 1, 2004, that his wife had written him a letter, alleging threats by law enforcement that if she did not cooperate, she would be charged. (Roanoke City Circuit Court Cases CR04-934, 935, and 939, Tr. 11-1-04 at 83-84). Clearly, then, at the time he entered his guilty plea in the Roanoke County case on December 10, 2004, Mills knew from his wife's letter of the alleged threats that officers had made to his wife related to the City charges. That same morning, his mother informed him that Cynthia had decided to testify against him in the Roanoke County case as well, because she feared getting more prison time if she did not. With this knowledge, Mills could have proceeded to trial in Roanoke County and asked counsel to attempt to prove that Ms. Mills' testimony was unreliable because it was coerced. Counsel could have cross-examined her about the letter. The, if convicted, Mills could have taken an appeal on the coercion issue. Because Mills thus offers no viable reason that he could not have raised Claims A and B at trial and on appeal, he fails to show cause so as to excuse his procedural default.[4] He also fails to make a colorable claim of actual innocence under Schlup. The court will grant the motion to dismiss as to Claims A and B, as they are procedurally barred from federal habeas review.

---

[3] Mills states that his wife was afraid to write a statement exposing the alleged threats until after her own criminal proceedings were completed. The court notes, however, that the written statement from Ms. Mills offered in support of the habeas claims in this case is not an original, sworn affidavit.

[4] Mills also shows no actual prejudice as required to excuse a procedural default. There is no indication in the record that Ms. Mills testified falsely at the Roanoke City trial. Moreover, Cynthia Mills' statement does not indicate that but for the officers' allegedly coercive behavior, she would not have chosen to testify against her husband. She had two other good reasons to testify that she mentioned in open court: the hope of less jail time and fewer criminal charges in recognition of her cooperation with authorities and the threat that her own parents made to cut off contact with her if she did not testify. Thus, Mills fails to demonstrate actual prejudice so as to excuse his procedural defaults. See United States v. Frady, 456 U.S. 152, 170 (1982).

4

### B. Claims Addressed on the Merits

To the extent that the Supreme Court of Virginia adjudicated Mills' claims on the merits, this court must defer to the state court's findings under the standard set forth in 28 U.S.C. § 2254(d), which reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 411 (2000). The Virginia courts' findings cannot be deemed unreasonable merely because they do not cite established United States Supreme Court precedent on an issue, if the result reached is not contrary to that established precedent. See Mitchell v. Esparza, 540 U.S. 12, 16 (2003).

1. Coerced Guilty Plea

In Claim C, Mills asserts that by "coercing" his wife into agreeing to testify against him in the Roanoke County cases as she had in the Roanoke City proceedings, law enforcement officials "coerced" him into pleading guilty to the Roanoke County charges. He seeks to overturn his guilty plea as involuntary. The state habeas court dismissed Claim C upon finding that Mills was bound by his statements during the guilty plea colloquy, pursuant to the state rule in Anderson. Mills affirmed to the trial court that he had discussed the charges with counsel, understood them, knew the maximum penalties he faced, understood the rights he was relinquishing, and was satisfied with counsel's representation. Mills also told the court that he

5

had signed a plea agreement whereby the state agreed to dismiss five charges in exchange for a guilty plea to one statutory burglary charge. Mills asked the court to accept the plea agreement and indicated that he was pleading guilty voluntarily. The trial court found his plea to be knowing and voluntary, and the habeas courts found no reason why he should not be bound by his plea hearing statements.

This disposition by the state court is in full harmony with Supreme Court precedent regarding habeas challenges to guilty pleas. Under federal law,

> the representations of the defendant, his lawyer, and the prosecutor at [a guilty plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal [in habeas proceedings], as are contentions that in the face of the record are wholly incredible.

Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). As stated, at the time of the plea hearing in Roanoke County, Mills was well aware that his wife had alleged feeling some pressure from law enforcement personnel to testify against her husband in order to avoid harsher sentences or additional charges for herself. The record indicates that Mills voluntarily chose to accept the benefits of the plea agreement instead of proceeding to trial, where he could have raised the issue of his wife's testimony being coerced. A difficult choice between two unattractive options is not necessarily a coerced choice, and Mills has offered no evidence that his choice to plead guilty was unknowing or involuntary. Finding no respect in which the state court's disposition of this claim was contrary to, or an unreasonable application of Supreme Court precedent or based on an unreasonable interpretation of the facts, this court must grant the motion to dismiss, pursuant to § 2254(d). The court will grant the motion to dismiss as to Claim C.

2. Fruit of the Poisonous Tree

In Claim D, Mills asserts that the Commonwealth's case relied on evidence unlawfully obtained by Detective S. M. Short incident to a search conducted on May 10, 2004 at the Mills' residence on Bibb Street, namely, bank money bags, a VHS security tape, and a pay stub from

6

Mills' employer. Mills alleges that his wife's statement to police and the evidence related to the County charges should have been suppressed as "fruit of the poisonous tree." Mills faults counsel for failing to argue these suppression issues.

The record provides the following sequence of events. In April 2004, the Roanoke City police received a telephone tip from a man who said that he was Cynthia Mills' father and reported seeing a safe, another large covered object, and a crowbar in a closet at the Bibb Street apartment Barry and Cynthia Mills occupied. The police searched the apartment on April 23, 2004, and recovered a number of objects that led to City burglary charges against Mills. During that search, police also saw money bags from a skating rink that had been burglarized in Roanoke County. Detective Jones of the City Police informed Roanoke County police about having seen the money bags. Seventeen days later, Roanoke County police obtained and executed their own search warrant, searched the Mills' residence, and seized the money bags and other evidence related to the County charges. Police officers from both jurisdictions also spoke with Cynthia Mills, who was incarcerated on unrelated charges. She made a statement regarding the burglaries that she and her husband had committed.

Petitioner Mills' counsel in the Roanoke County case moved to suppress the evidence, arguing that County police had no probable cause for the May 10, 2004, search, the information from the city police was unlawfully obtained, and the information from the City police was stale when the County police sought their search warrant. On October 5, 2004, after a joint suppression hearing for the City and County cases, the trial judge suppressed only the evidence seized under the City search warrant, based on Detective Jones' failure to verify the reliability of the telephone tip. The court expressly held that the validity, or invalidity, of the City warrant did not affect the validity of the County warrant. The court found that Detective Short was entitled to rely in good faith on the information from Detective Jones, as he was an experienced police officer, and that the match between Jones' description of the money bags he had observed in the Mills' residence and the victim's description of the money bags stolen from the Olympic Skate

7

Center provided probable cause to support the County's warrant. Specifically, the court cited United States v. Leon, 468 U.S. 897, 923 (1984) in finding that the evidence seized pursuant to the County's warrant should not be suppressed because Detective Short reasonably believed, from the probable cause finding of the magistrate who issued the warrant, that the warrant was valid.[5]

When Mills argued in state habeas proceedings that the evidence and Ms. Mills' statement should have been suppressed as tainted by the illegal City search, the circuit court found that this aspect of the claim was barred under Slayton because Mills could have challenged on direct appeal the trial court's ruling at the suppression hearing. The Supreme Court of Virginia upheld denial of the habeas claim. As Mills fails to show cause for pursuing the suppression issue on direct appeal, this aspect of Claim D is also procedurally barred from federal habeas review. Harris, 489 U.S. at 262.

The state habeas courts addressed the ineffective assistance aspects of Claim D on the merits under Strickland and Hill. To prove a constitutional claim of ineffective assistance, a convicted defendant must meet a two prong standard, showing both counsel's deficient performance and resulting prejudice. Strickland, 466 U.S. at 685. First, he must show that "counsel's representation fell below an objective standard of reasonableness" considering circumstances as they existed at the time of the representation. Id. at 687-88. Second, to show that counsel's error related to petitioner's guilty plea was prejudicial, petitioner must demonstrate "a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 58-59.

The state habeas court found that counsel had argued for suppression of the evidence seized pursuant to the search warrant, and that no legal grounds existed on which counsel could have moved to suppress Cynthia Mills' statement to police. This court must agree. At the

---

[5] In Leon, the Supreme Court held that "the marginal or nonexistent benefits produced by suppressing evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant cannot justify the substantial costs of exclusion." 468 U.S. at 923.

8

October 5, 2004, hearing, counsel ably argued for suppression on several grounds. Counsel's choice of legal grounds on which to attack the warrant's validity is just the type of strategic decision that a habeas court may not second-guess. Strickland, 466 U.S. at 688-89. Moreover, the trial judge found that reliance on the City officer's information did not invalidate the County's warrant in any way, even though the judge later found the City's warrant itself to be invalid. Clearly, then, the judge did not believe that the evidence seized pursuant to the County search warrant was "tainted" by its connection to the invalid City warrant and would not have sustained such an objection under the "fruit of the poisonous tree" theory. As Mills fails to demonstrate that but for counsel's alleged omission regarding the suppression arguments, he would have insisted on going to trial, he fails to show prejudice under Hill.

Mills also argues that counsel should have moved for suppression of Cynthia Mills' statements to police. Once the court had ruled that the County's search warrant and the evidence seized under that warrant were not "tainted" by the invalid City warrant and search, counsel had no ground on which to argue that the police interview with Cynthia was "fruit of the poisonous tree." Moreover, Cynthia Mills offered her statement voluntarily, and Mills fails to demonstrate any viable ground on which counsel could have moved for suppression of that statement. As the court cannot find that the state courts' disposition of the suppression claims was contrary to, or an unreasonable application of, federal law or that it was based on an unreasonable determination of facts, the court will grant the motion to dismiss as to Claim D, pursuant to § 2254(d). An appropriate order shall be issued this day.

III.

For the stated reasons, the court will grant the motion to dismiss. The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253( c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. § 2253(c)(1).

Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal, petitioner must file a notice of appeal with this court within 30 days of the date of entry of this opinion and the accompanying final order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for respondent.

ENTER: This 9th day of ~~February~~ March, 2007.

/s/ James C. Tur
Senior United States District Judge